## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **MARK PANNEK, et al.,** | : | Case No. 1:19-cv-00852 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | **DECLARATION OF JOSHUA M.** |
| | : | **SMITH, COUNSEL FOR** |
| **U.S. BANK NATIONAL ASSOCIATION,** | : | **PLAINTIFFS, IN SUPPORT OF** |
| | : | **PLAINTIFFS' MEMORANDUM IN** |
| Defendant. | : | **OPPOSITION TO SUMMARY** |
| | : | **JUDGMENT** |
| | : | |

I, Joshua Smith, hereby certify pursuant to 28 U.S.C. § 1746 that the statements set forth below are true and correct to the best of my knowledge, information and belief:

1. I have personal knowledge of the information presented herein.

2. Included as **Attachment 1** is a true and accurate copy of excerpts of Defendant U.S. Bank's Objections and Responses to Plaintiff's First Requests for Admissions, Interrogatories, and Requests for Production of Documents Propounded to U.S. Bank.

3. Included as **Attachment 2** is a true and accurate copy of correspondence sent to Counsel for Defendant on August 12, 2020, noting deficiencies in the discovery responses of Defendant.

4. Included as **Attachment 3** is a true and accurate copy of correspondence received from Counsel for Defendant on November 17, 2020, responding to the deficiencies noted in Attachment 2.

5. Included as **Attachment 4** is a true and accurate copy of e-mail correspondence between myself and Counsel for Defendant regarding missing performance reviews requested by Plaintiffs, among other discovery issues.

6. Included as **Attachment 5** is a true and accurate copy of a peer group analysis (PGA) of Thomas Strotman, produced by Defendant in discovery and Bates stamped USBANK__000047.

7. Included as **Attachment 6** is a true and accurate copy of a peer group analysis (PGA) of Rhonda Gombold, produced by Defendant and Bates stamped USBANK__000048.

8. Included as **Attachment 7** is a true and accurate copy of a document entitled "Gemrich 2019 Notes from Investigation feedback," produced by Defendant and Bates stamped USBANK__000956-000958.

1

9. Included as **Attachment 8** is a true and accurate copy of a January 30, 2019 e-mail from Ayan Ashamu, HR Business Partner at US Bank, to Bryan Bolton, produced by Defendant and Bates stamped USBANK__000965.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Joshua M. Smith

Dated: _November 3, 2021_

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **MARK PANNEK, et al.,** | ) | |
| | ) | Civil Action No. 1:19-cv-00852 |
| **Plaintiff,** | ) | |
| | ) | Judge Timothy S. Black |
| **v.** | ) | |
| | ) | **DEFENDANT'S OBJECTIONS AND** |
| **U.S. BANK NATIONAL** | ) | **RESPONSES TO PLAINTIFFS' FIRST** |
| **ASSOCIATION,** | ) | **REQUESTS FOR ADMISSIONS,** |
| | ) | **INTERROGATORIES AND REQUESTS** |
| **Defendant.** | ) | **FOR PRODUCTION OF DOCUMENTS** |
| | ) | **PROPOUNDED TO U.S. BANK** |

Defendant U.S. Bank National Association ("Defendant" or "U.S. Bank"), for its objections and responses to Plaintiff's First Requests for Admissions, Interrogatories and Requests for Production of Documents Propounded to U.S. Bank, states as follows:

## GENERAL ANSWERS AND RESPONSES
## GENERAL OBJECTIONS AND CONDITIONS

1.      These general answers and responses, general objections, and conditions are incorporated by reference, as if fully stated herein, with respect to each and every response to each and every interrogatory and request (collectively, "discovery requests") contained herein.

2.      Discovery in this matter is not yet complete.  Given the stage of litigation, Defendant fully reserves the right to alter, amend, modify, or otherwise revise these responses if, for any reason, such revisions become appropriate or warranted.

3.      Defendant objects to Plaintiff's discovery requests to the extent that they seek information or documents that are subject to the attorney-client privilege, work-product immunity, or are otherwise privileged or immune from discovery.  No such information and/or documents will be produced.  Moreover, Defendant does not intend by these responses or its document production to waive any claim of privilege or immunity.  If Defendant produces any

**Defendant objects to this Request on the grounds that the phrase "kept on" is vague and ambiguous. Subject to and without waiving the foregoing objection, and to the extent Defendant understands this Request, Defendant will produce Plaintiffs' personnel files.**

10.     Job descriptions for any and all positions held by Plaintiffs while employed at US Bank.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is overly broad. Subject to and without waiving the foregoing objection, Defendant will produce the job description(s) for the positions Plaintiffs held at the time of their terminations.**

11.     All documents which relate to or support Defendant's decision to terminate Plaintiffs.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is vague, overly broad and unduly burdensome as to the phrase "relate to," as it does not identify with reasonable particularity the documents requested. Subject to and without waiving the foregoing objections, and to the extent that Defendant understands this Request, Defendant will produce non-privileged, documents that were used to support Defendant's decision to terminate Plaintiffs.**

12.     All documents submitted to the persons making the decision to terminate Plaintiffs

pertaining to the reason to terminate the Plaintiffs.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is vague and overly broad and vague as to the phrases "submitted to" and "pertaining to." Subject to and without waiving the foregoing objections and to the extent Defendant understands the request, see response to Request 11.**

13.     All documents relating to the decision to terminate the Plaintiffs that were prepared by

the decision maker(s), any management personnel, or anyone involved in the decision to

terminate Plaintiffs.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is vague, overly broad and unduly burdensome as to the phrase "relating to," as it does not identify with reasonable particularity the documents requested. Subject to and without waiving the foregoing objections, Defendant will produce non-privileged documents reflecting the decision to**

**terminate that were prepared by the decision maker or anyone involved in the decision to terminate Plaintiffs.**

14.     All performance appraisals prepared by Defendant regarding Plaintiffs' work.

**RESPONSE:**

**Defendant will produce any responsive, non-privileged documents.**

15.     All documents and communication which reflects awards, commendations or other

positive notations concerning Plaintiffs' performance of their work.

**RESPONSE:**

**Defendant will produce any responsive, non-privileged documents.**

16.     All documents related to the Plaintiff Strotman's Legends of Possible Award, including,

but not limited to, any nominations for the award, production numbers which resulted in the

award, or any other documents which relate to or support the award.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is vague, overly broad and unduly burdensome as to the phrase "related to," as it does not identify with reasonable particularity the documents requested.  Subject to and without waiving the foregoing objections, Defendant will produce any nominations for the award or other documents which identify the reason for the award.**

17.     All documents reviewed by the peer analysis group in its decision to select Pannek over

Alyson Roberts for termination.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrase "peer analysis group."  To the extent Defendant understands the request, none.**

18.     All employment contracts between Plaintiffs and Defendant at any time during, or in

effect after their employment with US Bank.

30.     All documents relating to the decision to terminate Gemrich that were created by the

decision maker(s), any management personnel, or anyone involved in the decision.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is vague, overly broad and unduly burdensome as to the phrase "relating to," as it does not identify with reasonable particularity the documents requested.**

31.     Copies of any severance or separation agreement signed by Gemrich.

**RESPONSE:**

**None.**

32.     Personnel files for any other individual who was identified as a decision maker with

respect to Plaintiffs' termination.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is overly broad and seeks documents that are neither relevant nor proportionate to the needs of the case.  Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the term "other."  Defendant further objects to this Request on the grounds that it seeks confidential and/or medical information relating to an individual who is not a party to this action.**

33.     Personnel files for any other individual who was terminated from US Bank's Lending

Services and Mortgage Services Divisions as a result of the 2017 or 2018 reorganizations,

including but not limited to disciplinary actions, performance reviews, and reasons for

termination.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is overly broad and seeks documents that are neither relevant nor proportionate to the needs of the case.  Defendant**

**further objects to this Request on the grounds that it seeks confidential and/or medical information relating to an individual who is not a party to this action.**

34.     All personnel files which are kept by Defendant regarding Alyson Roberts, including, but not limited to her personnel file, any file kept by her supervisor, manager, or any other individual employed by Defendant.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is overly broad and seeks documents that are neither relevant nor proportionate to the needs of the case. Defendant further objects to this Request on the grounds that it seeks confidential and/or medical information relating to an individual who is not a party to this action.**

35.     All personnel files which are kept by Defendant regarding Bryan Bolton, including, but not limited to his personnel file, any file kept by his supervisor, manager, or any other individual employed by Defendant.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is overly broad and seeks documents that are neither relevant nor proportionate to the needs of the case. Defendant further objects to this Request on the grounds that it seeks confidential and/or medical information relating to an individual who is not a party to this action.**

36.     All personnel files which are kept by Defendant regarding David Little, including, but not limited to his personnel file, any file kept by his supervisor, manager, or any other individual employed by Defendant.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is overly broad and seeks documents that are neither relevant nor proportionate to the needs of the case. Defendant further objects to this Request on the grounds that it seeks confidential and/or medical information relating to an individual who is not a party to this action.**

46.     All correspondence from Gemrich to others on his team, including any e-mail

correspondence, which reference Annette Tatman in a negative way.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is overly broad and seeks documents that are neither relevant nor proportionate to the needs of the case.  Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrases "his team" and "negative way."**

47.     All complaints filed by Lydia Buster against Gemrich, whether on behalf of herself or

any other employee of US Bank.

**RESPONSE:**

**Defendant is not aware of any responsive documents.**

48.     Documents used by Defendant for selecting Plaintiffs for termination due to the alleged

reorganization.

**RESPONSE:**

**Defendant will produce any responsive, non-privileged documents.**

49.     Documents pertaining to the hiring of individuals who replaced Plaintiffs' former

positions with US Bank and their qualifications.

**RESPONSE:**

**None.**

50.     Correspondence between Bolton and Diane Watson regarding Pannek's ethics complaint,

the complaints or allegations against Gemrich, and any investigations into the same.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is overly broad in that it is not limited in time.  Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "the complaints or allegations against Gemrich." Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant**

As to objections,

*/s/ Patricia Pryor*
Patricia Pryor (0069545)
Jamie M. Goetz-Anderson (0083562)
Jackson Lewis P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, Ohio 45202
Telephone:  (513) 322-5035
Fax:  (513) 898-0051
Email: pryorp@jacksonlewis.com
Email: jamie.goetz-anderson@jacksonlewis.com

*Counsel for Defendant U.S. Bank National
Association*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that the foregoing Defendant's Objections and Responses to Plaintiffs' First Set of Requests for Admissions, Interrogatories and Requests for the Production of Documents Directed to Defendant US Bank were sent via e-mail this 8th day of June, 2020 to:

Peter A. Saba, Esq.
Joshua M. Smith, Esq.
STAGNARO, SABA & PATTERSON, CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
pas@sspfirm.com
jms@sspfirm.com

*Attorney for Plaintiff*

*/s/ Patricia Pryor*
Patricia Pryor

4839-7809-0687, v. 1

28



*Joshua M. Smith, Esq.*
*Email: jms@sspfirm.com*

*Phone: (513) 533-6715*
*Fax: (513) 533-2999*

August 12, 2020

<u>**VIA ELECTRONIC MAIL**</u>
Patricia Pryor
Jamie M. Goetz-Anderson
pryorp@jacksonlewis.com
Jamie.goetz-anderson@jacksonlewis.com
Jackson Lewis P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, Ohio 45202

    **Re:**  **Mark Pannek, et al. v. U.S. Bank National Association**

Dear Patricia and Jamie,

   We have reviewed your client's responses and objections to Plaintiffs' First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents. Unfortunately, while some responses were provided and documents were produced, a number of our requests remain deficient. In particular, there are a number of Interrogatories which only contain partial responses, and/or were not responded to at all. Further, production of various documents were withheld based upon objections which are simply not meritorious under the scope of discovery of Rule 26.

   We are outlining these specific deficiencies below. As soon as possible please review the below and confirm that US Bank will produce the requested responses and/or documents, or let us know an agreeable time to discuss the same. We ask that you please get back to us no later than close of business August 21, 2020. This correspondence is being sent in an extrajudicial effort to resolve this discovery dispute without Court intervention.

<u>**INTERROGATORIES**</u>

***Interrogatory No. 2:*** *Identify all individuals who were involved in the decision to terminate Plaintiffs, specifically identifying the individuals who made the decision, and any individuals who recommended that Plaintiffs be terminated.*

You responded that "Bryan Bolton made the decision to eliminate Plaintiffs' positions." This response only partially answers the interrogatory. In particular, it fails to identify any other individuals who were involved in the decision, and any individuals who made recommendations that Plaintiffs be selected for termination.

Attorneys licensed in Ohio, Kentucky, Indiana, Michigan and Florida | SSPFIRM.COM | 513.533.2700 / MAIN OFFICE

HYDE PARK SQUARE OFFICE / 2623 ERIE AVE, CINCINNATI, OH 45208 | ANDERSON TOWNSHIP OFFICE / 7373 BEECHMONT AVE, CINCINNATI, OH 45230

Patricia Pryor
Jamie M. Goetz-Anderson
Pannek, et al. v. U.S. Bank National Assoc.
August 12, 2020
Page 2

***Interrogatory No. 7:*** *Identify each direct supervisor of Plaintiffs from Plaintiffs' respective points of hire until their respective dates of termination. For each supervisor identified, provide the position(s) held and dates in which they were a supervisor for Plaintiffs.*

You responded that "Plaintiffs' direct supervisor at the time of their termination was Bryan Bolton." This response only partially answers the interrogatory. In particular, it fails to identify direct supervisors of Plaintiffs prior to the time of their termination, including from their respective points of hire until the time that Mr. Bolton became their direct supervisor. Further, you have failed to identify the position(s) held by each direct supervisor and the dates in which they were a supervisor for Plaintiffs.

***Interrogatory No. 8:*** *Identify all employees of US Bank's Lending Services and Mortgage Services Divisions who have filed charges with the Ohio Civil Rights Commission or the EEOC since January 1, 2016, identifying the individual who filed the charge, the date of filing, and the allegation in the charge.*

You objected, claiming that the interrogatory is overly broad, unduly burdensome, and seeks information neither relevant nor proportionate to the needs of the case. You then refused to produce any response.

We disagree with your objection. Prior acts of discrimination or retaliation, particularly in Plaintiffs' same division, are relevant to Plaintiffs' claims of discrimination and retaliation. *See, e.g., Estes v. Dick Smith Ford, Inc.,* 856 F.2d 1097 (8th Cir. 1988)("Circumstantial proof of discrimination typically includes unflattering testimony about the employer's history and work practices-evidence which in other kinds of cases may well unfairly prejudice the jury against the defendant. In discrimination cases, however, such background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive."). Charges filed with the EEOC or OCRC by Plaintiffs' co-workers in their division meet the liberal standards of Fed. R. Civ. P. 26, and thus are discoverable. Please produce responses, or otherwise confirm that US Bank does not intend to do so such that we can seek Court intervention.

***Interrogatory No. 9:*** *Identify all employees of US Bank's Lunken location or the Lending Services and Mortgage Services Divisions of US Bank who have contacted the Ethics line since January 1, 2016, identifying the individual who contacted the Ethics line, the date of the call/correspondence, the subject of the call/correspondence, whether an investigation was conducted, and the person(s) conducting the investigation.*

You objected, claiming the interrogatory is overly broad, unduly burdensome, and seeks information that is neither relevant nor proportionate to the needs of the case. You also claim that the request may seek confidential, private information about individuals who are not parties to the case. You then refused to produce any response.

We disagree with your objection. As you know, Mr. Pannek alleged he contacted the same Ethics line, and was retaliated against for his complaint. As set forth above, prior acts of US Bank with

Patricia Pryor
Jamie M. Goetz-Anderson
Pannek, et al. v. U.S. Bank National Assoc.
August 12, 2020
Page 3

respect to individuals who contacted the Ethics line are particularly relevant to this claim. Moreover, it is also an avenue to discover other individuals whom complained about sexual harassment by Mr. Gemrich, or about discrimination or retaliation by US Bank. Please produce responses, or otherwise confirm that US Bank does not intend to do so such that we can seek Court intervention. To the extent US Bank needs to protect the confidentiality of such individuals, we are amenable to an agreed protective order for this purpose.

**Interrogatory No. 10:** *Identify all individuals other than Plaintiffs that complained or made allegations, whether formal or informal, and whether individually or in conjunction with an internal investigation, regarding Gemrich to US Bank, including but not limited to complaints or allegations of sexual harassment, inappropriate comments toward women, sex discrimination, hostile work environment, or retaliation.  For each individual identified, provide the substance of the complaints/allegations, the date the individual complained, to whom the complaint was made, and, if any investigation was performed, the names of the persons conducting the investigation and the results of such investigation.*

You objected, claiming that the interrogatory is overly broad, seeks information that is neither relevant nor proportionate to the needs of the case. You also claim that this request is vague and ambiguous as to the phrase "formal or informal." You then refused to produce any response.

We disagree with your objection. Prior complaints regarding Mr. Gemrich are clearly relevant to this case, given the allegation that Mr. Pannek and Mr. Strotman both complained about Mr. Gemrich's conduct, and that they were retaliated against for such complaints and participating in an investigation into the same. Please produce responses, or otherwise confirm that US Bank does not intend to do so such that we can seek Court intervention.

**Interrogatory No. 12:** *Identify the date on which US Bank decided that Plaintiffs Pannek and Strotman would be terminated as part of an alleged reorganization.*

You responded that "Defendant is currently unable to identify the precise date upon which the decision was made to eliminate Plaintiffs' positions." This only answers the interrogatory in part. As set forth in our Instruction No. 2, if US Bank cannot answer a particularly interrogatory in full after exercising due diligence to secure the information to do so, Defendant shall so state and shall answer in as detailed a manner as possible…"

To the extent that US Bank cannot provide a "precise" date, Plaintiffs' instruction calls for US Bank to provide a date in as detailed a manner as possible. We note that US Bank's position statement, filed with the EEOC on September 12, 2018, states that "[d]iscussions regarding related job eliminations began in February 2018, and final recommendations were made in early May 2018." To the extent this statement remains consistent, please confirm "early May 2018" as the approximate date that US Bank decided that Plaintiffs Pannek and Strotman would be terminated as part of an alleged reorganization.

Patricia Pryor
Jamie M. Goetz-Anderson
Pannek, et al. v. U.S. Bank National Assoc.
August 12, 2020
Page 4

**Interrogatory No. 15:** *Identify all individuals at US Bank who had any involvement in the reorganization of US Bank's Lending Services and Mortgage Servicing Divisions in 2018. For each individual identified, state the position held at US Bank, and a summary of their involvement in the reorganization.*

You objected, claiming that the interrogatory is overly broad, unduly burdensome, and seeks information that is neither relevant nor proportionate to the needs of the case. You also objected to the phrase "any involvement," claiming it is vague and ambiguous. You then refused to provide any response.

We disagree with your objection. The alleged reorganization of US Bank's Lending Services and Mortgage Servicing Divisions in 2018 is the claimed basis by US Bank's decision to terminate Plaintiffs. Individuals involved in that reorganization are clearly relevant to Plaintiffs' claims of discrimination and retaliation. Please produce responses, or otherwise confirm that US Bank does not intend to do so such that we can seek Court intervention.

**Interrogatory No. 16:** *State whether Gemrich remains employed with US Bank and, if Gemrich is not still employed, the basis for his separation from employment.*

You objected, claiming that the interrogatory seeks information that is neither relevant nor proportionate to the needs of the case. You then answered the interrogatory, in part, (stating "no"), but did not provide the basis for Mr. Gemrich's separation from employment.

We disagree with your objection. Mr. Gemrich is the individual whom Mr. Pannek alleges he complained about regarding sexual harassment and creating a hostile work environment. Mr. Strotman similarly complained, and participated in an investigation into this conduct. Both Plaintiffs alleg they were retaliated against for complaining about Mr. Gemrich and participating in the investigation. Clearly, Mr. Gemrich's termination and the basis for the same are relevant to these claims. Please produce responses, or otherwise confirm that US Bank does not intend to do so such that we can seek Court intervention.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**Request for Production No. 5:** *All correspondence between Bolton and Gemrich regarding the 2018 reorganization, including but not limited to e-mail correspondence, instant messages, draft proposals, notes, or any other communications.*

You objected, but indicated you would produce any non-privileged correspondence between Bolton and Gemrich "regarding Plaintiffs' roles following the 2018 reorganization." Your response only answers the request in part. The request seeks all correspondence between Bolton and Gemrich regarding the 2018 reorganization, not correspondence "regarding Plaintiffs' roles." Please produce the responsive documents including all correspondence between Bolton and Gemrich. To the extent

Patricia Pryor
Jamie M. Goetz-Anderson
Pannek, et al. v. U.S. Bank National Assoc.
August 12, 2020
Page 5

you are refusing to produce responsive documents, please inform us of the same so that we can seek Court intervention.

**Request for Production No. 10:** *Job descriptions for any and all positions held by Plaintiffs while employed by US Bank.*

You objected, but indicated Defendant "will produce the job description(s) for the positions Plaintiffs held at the time of their terminations. Your response only answers the request in part. The request seeks job descriptions for any and all positions held by Plaintiffs "while employed by US Bank," not simply the positions held at the time of their terminations. Please produce the responsive documents. To the extent you are refusing to produce responsive documents, please inform us of the same so that we can seek Court intervention.

**Request for Production No. 20:** *Correspondence between Bolton and Gemrich which in any way relate to the decision or recommendation to eliminate Pannek or Strotman.*

You objected to this request, but indicated Defendant "will produce any non-privileged correspondence between Bolton and Gemrich regarding Plaintiffs' roles following the 2018 reorganization." Your response only answers the request in part. The request seeks correspondence between Bolton and Gemrich which in any way relates to the decision or recommendation to eliminate Pannek or Strotman. Your response only indicates that you will produce correspondence regarding "Plaintiffs' roles following the 2018 reorganization." Please produce the responsive documents, including correspondence relating to the decision or recommendation to eliminate Plaintiffs, beyond what has already been produced. To the extent you are refusing to produce responsive documents, please inform us of the same so that we can seek Court intervention.

**Request for Production No. 23:** *All personnel files which are kept by Defendant regarding Gemrich, including, but not limited to his personnel file, any file kept by his supervisor, manager, or any other individual employed by Defendant.*

You objected to this request, claiming that it is overly broad and seeks documents that are neither relevant nor proportionate to the needs of the case. You also claim that the request seeks confidential and/or medical information relating to an individual who is not a party to this action.

We disagree with the objection. Mr. Gemrich is the individual whom Pannek and Strotman have alleged engaged in inappropriate behavior, creating a hostile work environment. Pannek filed a complaint with US Bank regarding Mr. Gemrich's inappropriate behavior, and Strotman both complained and participated in an investigation into Mr. Gemrich's inappropriate behavior. Mr. Gemrich's personnel file is clearly relevant to these claims, including any prior complaints, reprimands by US Bank, or investigations into prior or subsequent inappropriate behavior by Mr. Gemrich.

Please produce the responsive documents. To the extent you are refusing to produce responsive documents, please inform us of the same so that we can seek Court intervention.

Patricia Pryor
Jamie M. Goetz-Anderson
Pannek, et al. v. U.S. Bank National Assoc.
August 12, 2020
Page 6

***Request for Production No. 25:*** *All documents which in any way reference disciplinary action that US Bank took or considered taking with respect to Gemrich that are not included in his personnel file.*

You objected to the request, but indicated Defendant "will produce any discipline that Gemrich received during the relevant period." To be clear, "relevant" period includes, at a minimum, the period of time that Gemrich was employed by US Bank up to the point of his termination. This includes the period that Plaintiffs were employed, through the present. Please produce responsive documents. To the extent you are refusing to produce responsive documents, please inform us of the same so that we can seek court intervention.

***Request for Production No. 26:*** *All documents pertaining to Defendant's investigation of, or response to, complaints regarding Gemrich, including but not limited to the investigation initiated as a result of Plaintiff Pannek's complaints regarding Gemrich, or the complaints of any other employee against Gemrich.*

You objected to the request, but indicated you would produce "non-privileged documents reflecting its investigation of Pannek's March 27, 2018 report to the Ethics and Compliance Hotline."

To be clear, the request does not only seek documents regarding Pannek's complaint. It also seeks documentation regarding any other employee's complaints against Gemrich. Such documents are clearly relevant, given that prior acts of discrimination, harassment, or retaliation similar to Plaintiffs' are admissible evidence in Plaintiff's case. Please produce responsive documents. To the extent you are refusing to produce responsive documents, please inform us of the same so that we can seek Court intervention.

***Request for Production No. 27:*** *Copies of all correspondence, emails, and other documents that were generated as a result of complaints to US Bank regarding Gemrich.*

You objected to the request, but indicated you would produce "non-privileged correspondence generated in response to Pannek's March 27, 2018 report to the Ethics and Compliance Hotline."

Again, this request seeks not only documents regarding Pannek's complaint, but also any other correspondence, emails, and other documents generated as a result of complaints to US Bank regarding Gemrich. Please produce responsive documents. To the extent you are refusing to produce responsive documents, please inform us of the same so that we can seek Court intervention.

***Request for Production No. 28:*** *All documents which relate to the reason that Gemrich is no longer employed with US Bank.*

You objected to this request, claiming that it is vague, overly broad, and unduly burdensome as to the phrase "relate to", as it does not identify with reasonable particularity the documents requested. You also claim that it seeks information neither relevant nor proportionate to the needs of the case. Finally,

Patricia Pryor
Jamie M. Goetz-Anderson
Pannek, et al. v. U.S. Bank National Assoc.
August 12, 2020
Page 7

you claim the request seeks documents protected by the attorney-client and/or work produce privileges. You then refused to produce any documents.

Clearly, documents relating to Mr. Gemrich's termination from US Bank, which occurred after Mr. Pannek's complaint regarding Mr. Gemrich's inappropriate conduct (and both Plaintiffs' participation in investigations into the same) are relevant. We also disagree that this request fails to identify the documents with "reasonable particularity." The documents would clearly include any documents, correspondence, etc. as to why Mr. Gemrich was terminated or otherwise resigned, and the basis for such termination/resignation. Please produce responsive, non-privileged documents. To the extent you are refusing to produce responsive documents, please inform us of the same so that we can seek Court intervention.

**Request for Production No. 29:** *All documents submitted to persons making or participating in the decision to terminate Gemrich.*

You objected to this request, on substantially the same basis as Request No. 28. Again, we disagree with your objections for the same reasons. Please produce responsive documents. To the extent you are refusing to produce responsive documents, please inform us of the same so that we can seek Court intervention.

**Request for Production No. 30:** *All documents relating to the decision to terminate Gemrich that were created by the decision maker(s), any management personnel, or anyone involved in the decision.*

You objected to this request, claiming that it is vague, overly broad, and unduly burdensome as to the phrase "relating to," claiming it does not identify with reasonable particularity the documents requested. You then refused to produce any documents in response.

We disagree with your objection. Documents "relating to" the decision to terminate Gemrich are easily understood, especially given that they are limited to documents created by the decision maker(s), management personnel, or anyone involved in the decision. They would include, but not be limited to, any documents created regarding the basis for termination, documents which decision maker(s) relied upon in terminating Gemrich, any prior written warnings or disciplinary actions, or any documents setting forth the reason for termination. Please produce responsive documents. To the extent you are refusing to produce responsive documents, please inform us of the same so that we can seek Court intervention.

**Request for Production No. 32:** *Personnel files for any other individual who was identified as a decision maker with respect to Plaintiffs' termination.*

You objected, claiming the request is overly broad and seeks documents that are neither relevant nor proportionate to the needs of the case. You also claim the term "other" in "other individual" is vague and ambiguous. Finally, you claim that the request seeks confidential and/or medical information relating to an individual who is not a party to this action.

Patricia Pryor
Jamie M. Goetz-Anderson
Pannek, et al. v. U.S. Bank National Assoc.
August 12, 2020
Page 8

We disagree with your objection. Plaintiffs are alleging retaliation for their complaints of discrimination and harassment, and participation in investigations into the same. The personnel files of decisionmaker(s) who allegedly engaged in retaliation (including Mr. Bolton) are clearly relevant to confirming any prior acts of retaliation or complaints against such decisionmakers for the same. Please produce responsive documents. To the extent you are refusing to produce responsive documents, please inform us of the same so that we can seek Court intervention.

**Request for Production No. 33:** *Personnel files for any other individual who was terminated from US Bank's Lending Services and Mortgage Services Divisions as a result of the 2017 or 2018 reorganizations, including but not limited to disciplinary actions, performance reviews, and reasons for termination.*

You objected, claiming the request is overly broad and seeks documents that are neither relevant nor proportionate to the needs of the case. You also claim that the request seeks confidential and/or medical information relating to an individual who is not a party to this action.

We disagree with your objection. Plaintiffs were allegedly terminated as part of a reorganization of their divisions. Information regarding other individuals who were terminated in similar circumstances (i.e., as a result of 2017 or 2018 reorganizations) is clearly relevant to their claims, including individuals who similarly complained of harassment or discrimination. Please produce responsive documents. To the extent you are refusing to produce responsive documents, please inform us of the same so that we can seek Court intervention.

Finally, to the extent US Bank seeks an agreed protective order regarding such responsive documents, Plaintiffs are amenable to the same. Moreover, to clarify, Plaintiffs are not interested in any documents related to medical information of such individuals.

**Request for Production No. 34:** *All personnel files which are kept by Defendant regarding Alyson Roberts, including, but not limited to her personnel file, any file kept by her supervisor, or any other individual employed by Defendant.*

You objected to this request, claiming that it is overly broad and seeks documents that are neither relevant nor proportionate to the needs of the case. You also claim that the request seeks confidential and/or medical information relating to an individual who is not a party to this action. You refused to produce any documents in response.

We disagree with your objection. Ms. Roberts was the individual who was retained over Mr. Pannek when he was purportedly selected over termination (a clear comparator). Personnel and other files related to Ms. Roberts, including those containing her resume, performance reviews, and other information related to her work at US Bank and prior are clearly relevant to this case. Please produce responsive documents. To the extent you are refusing to produce responsive documents, please inform us of the same so that we can seek Court intervention.

Patricia Pryor
Jamie M. Goetz-Anderson
Pannek, et al. v. U.S. Bank National Assoc.
August 12, 2020
Page 9

Finally, to the extent US Bank seeks an agreed protective order regarding such responsive documents, Plaintiffs are amenable to the same. Moreover, to clarify, Plaintiffs are not interested in any documents related to medical information of Ms. Roberts.

**Request for Production No. 35:** *All personnel files which are kept by Defendant regarding Bryan Bolton, including, but not limited to his personnel file, any file kept by his supervisor, manager, or any other individual employed by Defendant.*

You objected to this request, claiming that it is overly broad and seeks documents that are neither relevant nor proportionate to the needs of the case. You also claim that the request seeks confidential and/or medical information relating to an individual who is not a party to this action. You refused to produce any documents in response.

We disagree with your objection. Mr. Bolton is the individual identified by US Bank as the decisionmaker regarding Mr. Pannek and Mr. Strotman's respective terminations. He is also the individual US Bank has identified as the direct supervisor of Plaintiffs at the time of their terminations. Clearly, his personnel file, including performance reviews, prior complaints, or any information regarding Mr. Bolton's treatment of employees is relevant to this case. Please produce responsive documents. To the extent you are refusing to produce responsive documents, please inform us of the same so that we can seek Court intervention.

Finally, to the extent US Bank seeks an agreed protective order regarding such responsive documents, Plaintiffs are amenable to the same. Moreover, to clarify, Plaintiffs are not interested in any documents related to medical information of Mr. Bolton.

**Request for Production No. 37:** *Documents relating to any EEOC or OCRC charges of sexual harassment, sex discrimination, retaliation, hostile work environment, age discrimination, and/or Gemrich filed by employees within the Lending Services and Mortgage Services Divisions of US Bank from January 1, 2016 to present, including, but not limited to, a copy of the charge, all communications between US Bank and the EEOC or OCRC, the EEOC or OCRC file to the extent Defendant has possession of the file, and any documents pertaining to US Bank's investigation of the charge.*

You objected, claiming that the request is vague, overly broad, and unduly burdensome. You also claim that the request seeks documents that are neither relevant nor proportionate to the needs of the case. You responded in part, stating that "other than those filed by Plaintiffs, Defendant is not aware of any other EEOC or OCRC charge concerning Gemrich."

To be clear, our request relates to any charges of sexual harassment, sex discrimination, retaliation, hostile work environment, age discrimination, *and/or Gemrich* filed by employees within Plaintiffs' divisions. Such documents of prior discriminatory claims on the same basis as Plaintiffs' are clearly relevant to this case. *See, e.g., Estes v. Dick Smith Ford, Inc.,* 856 F.2d 1097 (8th Cir. 1988)("Circumstantial proof of discrimination typically includes unflattering testimony about the employer's history and work practices-evidence which in other kinds of cases may well unfairly

Patricia Pryor
Jamie M. Goetz-Anderson
Pannek, et al. v. U.S. Bank National Assoc.
August 12, 2020
Page 10

prejudice the jury against the defendant. In discrimination cases, however, such background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive.").

Please produce responsive documents. To the extent you are refusing to produce responsive documents, please inform us of the same so that we can seek Court intervention.

**Request for Production No. 38:** *Documents or communications sent to the US Bank Ethics line by employees in the Lending Services and Mortgage Services Divisions of US Bank from January 1, 2016 to the present which relate to sexual harassment, sex discrimination, retaliation, hostile work environment, age discrimination, and/or to Gemrich.*

You objected to this request, claiming it is vague, overly broad and unduly burdensome, and that it seeks documents that are neither relevant nor proportionate to the needs of the case. You did not produce any responsive documents.

We disagree with your objection. Documentation of other employees' complaints to the US Bank Ethics line are clearly relevant to this case, given that this is the same Ethics line which Mr. Pannek complained to, and which he alleges served as the basis for his termination. Please produce responsive documents. To the extent you are refusing to produce responsive documents, please inform us of the same so that we can seek Court intervention.

**Request for Production No. 39:** *Documents or communications containing complaints of sexual harassment, sex discrimination, , inappropriate comments toward women, retaliation, hostile work environment, age discrimination, and/or Gemrich which were sent to US Bank by employees of the Lending Services and Mortgage Services Division from January 1, 2016 to the present.*

You objected to this request, claiming it is overly broad and seeks documents that are neither relevant nor proportionate to the needs of the case. You refused to produce any documents in response.

We disagree with your objection. Documentation of complaints of this nature are clearly relevant to Plaintiffs' allegations in this case. In particular, such complaints tend to show a pattern or practice by US Bank of discrimination and/or retaliation. That is especially the case where such complaints are related to Mr. Gemrich's inappropriate conduct. Please produce responsive documents. To the extent you are refusing to produce responsive documents, please inform us of the same so that we can seek Court intervention.

**Request for Production No. 40:** *All Documents pertaining to any investigation undertaken by Defendant regarding the EEOC/OCRC, Ethics line, or internal US Bank complaints involving John Gemrich, sexual harassment, inappropriate comments toward women, sex discrimination, hostile work environment, age discrimination, and/or retaliation raised by employees at US Bank Lunken location or the Lending Services Division from January 1, 2016 to the present.*

Patricia Pryor
Jamie M. Goetz-Anderson
Pannek, et al. v. U.S. Bank National Assoc.
August 12, 2020
Page 11

You objected to this request, claiming it is vague, overly broad, unduly burdensome, and seeks documents neither relevant nor proportionate to the needs of the case. You also claim that the request seeks documents protected by the attorney-client and/or work-product privileges. In further responding, you referenced us to documents produced in response to Request No. 26.

To clarify, this request seeks more than documents pertaining to the investigation of Mr. Gemrich in response to Mr. Pannek's March 27, 2018 report. The request seeks documents pertaining to *any investigation* undertaken by US Bank regarding the EEOC/OCRC, Ethics line, or internal US Bank complaints regarding Gemrich, sexual harassment, inappropriate comments toward women, sex discrimination, hostile work environment, age discrimination, and/or retaliation by employees in Plaintiffs' division from 2016 to the present. Please produce responsive documents. To the extent you are refusing to produce responsive documents, please inform us of the same so that we can seek Court intervention.

**Request for Production No. 42:** *Call transcripts, recordings, notes, or other documents or materials created or maintained as a result of Pannek's calls to US Bank's Ethics hotline, including but not limited to Complaint # 127146408 and # 126735101.*

You responded that Defendant will produce call transcripts, recordings or notes of Pannek's March 27, 2018 report to the Ethics and Compliance Hotline. First, while we see notes and various other documents were produced related to Pannek's March 27, 2018 report, upon review we do not see any transcripts or recordings of the call. Please produce the same, to the extent they exist.

**Request for Production No. 46:** *All correspondence from Gemrich to others on his team, including any e-mail correspondence, which reference Annette Tatman in a negative way.*

You objected to this request, claiming that it is overly broad and seeks documents that are neither relevant nor proportionate to the needs of the case. You also claim that the request is vague and ambiguous.

We disagree with your objection. To clarify however, Plaintiffs are seeking the e-mail correspondence which, as referenced in Ms. Buster's file, was sent berating Ms. Tatman and for which a complaint was filed. Please produce responsive documents. To the extent you are refusing to produce responsive documents, please inform us of the same so that we can seek Court intervention.

**Request for Production No. 50:** *Correspondence between Bolton and Diane Watson regarding Pannek's ethics complaint, the complaints or allegations against Gemrich, and any investigation into the same.*

You objected to this request, claiming that it is overly broad and not limited in time, and that it is vague and ambiguous as to the phrase "the complaints or allegations against Gemrich." You then indicated that Defendant would produce emails between Bolton and Watson reflecting Pannek's March 27, 2018 call to Defendant's Ethics and Compliance Hotline.

Patricia Pryor
Jamie M. Goetz-Anderson
Pannek, et al. v. U.S. Bank National Assoc.
August 12, 2020
Page 12

Your response only partially answers the request. This request not only seeks correspondence regarding Mr. Pannek's ethics complaint, but also any other complaints or allegations against Gemrich and investigations into the same.

We also disagree with your objections. As indicated in Instruction No. 5, unless otherwise indicated the scope of the requests for production are from the start of Plaintiff's employment to the present. Moreover, we disagree that "complaints or allegations against Gemrich" is vague and ambiguous given the clear context of the case, but to clarify this would include any and all complaints or allegations regarding inappropriate conduct, sexual harassment, discrimination, retaliation, or any bases similar to that which Plaintiffs complained about. Please produce responsive documents. To the extent you are refusing to produce responsive documents, please inform us of the same so that we can seek Court intervention.

Once again, after you have reviewed the above please contact us no later than August 21, 2020.

Sincerely,

STAGNARO, SABA
& PATTERSON CO., L.P.A.

Joshua M. Smith, Esq.

JMS/hnr
Enclosures
Cc:    Peter A. Saba, Esq.
       Mark Pannek
       Thomas Strotman

# JacksonLewis

**Jackson Lewis P.C.**
PNC Center
201 E. Fifth Street, 26th Floor
Cincinnati OH 45202
(513) 898-0050 Direct
(513) 898-0051 Fax
jacksonlewis.com

MY DIRECT DIAL IS: 513-322-5029
MY EMAIL ADDRESS IS: JAMIE.GOETZ-ANDERSON@JACKSONLEWIS.COM

November 17, 2020

***Via Email to jms@sspfirm.com***
Joshua M. Smith
Stagnaro, Saba & Patterson
2623 Erie Ave.
Cincinnati, Ohio 45208

                    RE      *Mark Pannek, et al. v. U.S. Bank National Association*
                            Case No. 1:19-CV-00852

Dear Josh:

We are in receipt of your recent letter regarding Defendant U.S. Bank National Association's ("U.S. Bank") responses to your interrogatories and requests for production, and we appreciate the opportunity to address your concerns. U.S. Bank maintains that its objections and responses were proper under the Federal Rules. However, in an effort to resolve any discovery disputes, we provide the following responses:

### *Interrogatories*

Interrogatory No. 2: As your letter acknowledges, U.S. Bank's response to this interrogatory identified the individual who made the decision to eliminate Plaintiffs' positions, and U.S. Bank maintains its objection that your request for the identity of anyone who was "involved in the decision to terminate Plaintiffs" is vague. Nonetheless, in order to resolve any dispute as to this interrogatory, U.S. Bank provides the following supplemental response: Bolton consulted with Human Resources Business Partner Diane Watson.

Interrogatory No. 7: Although U.S. Bank provided the name of Plaintiffs' most recent supervisor, it properly objected to this interrogatory to the extent that it sought information regarding Plaintiffs' previous supervisors which are not relevant to Plaintiffs' claims in this case. Your letter does not provide any explanation for how such information is or could be relevant to their claims. Subject to and without waiving its objections as to this interrogatory, U.S. Bank provides the following supplemental response: Pannek's direct supervisors were as follows: 8/28/2017 – 11/5/2017: Strotman; 11/5/2017 – 5/16/2018: Bolton. Strotman's direct supervisors were as follows: 1/9/2017 – 10/1/2017: Michael Paul Ryan; 10/1/2017 – 11/5/2017: Gemrich; 11/5/2017 – 5/16/2018: Bolton.

**JacksonLewis**

Interrogatory No. 8, Request No. 37:  U.S. Bank maintains its objection that the information sought in these discovery requests is overly broad and not proportionate to the needs of the case. Initially, you claim in your letter that "[p]rior acts of discrimination or retaliation . . . are relevant to Plaintiffs' claims of discrimination and retaliation."  Even assuming *arguendo* that this assertion is true, however, that is not what you have requested in Interrogatory No. 8; rather, you have asked for *allegations* of such unlawful conduct without regard to whether such allegations were or were not ever substantiated.  Moreover, your request is not limited to the claims asserted in this case, and you have provided no explanation or legal support for the notion that OCRC or EEOC charges alleging claims for race or disability discrimination, for example, possibly could be relevant to Plaintiffs' claims for age discrimination, sexual harassment, or retaliation.  Furthermore, any charges of discrimination involving anyone other than the relevant decisionmaker here are not relevant to Plaintiffs' claims. Without waiving these objections, however, U.S. Bank provides the following supplemental response: Between January 1, 2016 and the date of Plaintiffs' terminations, there were no probable cause or adverse findings on any charge of sex discrimination/harassment, age discrimination, or retaliation from any individual at the Cincinnati office of the Consumer Banking Sales and Support business line.

Interrogatory No. 9:  This interrogatory asks U.S. Bank to identify every person who has called the Ethics Hotline *for any reason* for nearly the past five years.  Although you purport that such information is relevant to Mr. Pannek's retaliation claim, the interrogatory does not differentiate between Ethics Line complaints that involved allegations of unlawful harassment or discrimination (and thus could possibly be considered protected activity) and those that did not.  Nor is it limited to complaints involving Bolton, the decisionmaker.  Subject to and without waiving the foregoing objections, the attached supplemental production includes non-privileged documents reflecting Ethics and Compliance Hotline reports that U.S. Bank received relating to Gemrich involving allegations of sex discrimination/harassment, age discrimination, and/or retaliation.

Interrogatory No. 10: See U.S. Bank's response to Request Nos. 26, 27, and 38 and the associated supplemental production.

Interrogatory No. 12:  U.S. Bank provides the following supplemental response: Bolton began considering organizational changes within his organization, including eliminating Plaintiffs' positions, in January or February 2018. To the best of his recollection, Bolton made the final decision to eliminate Plaintiffs' positions in late April or early May 2018.

Interrogatory No. 15:  This interrogatory asks U.S. Bank to identify every individual who "had any involvement" in the reorganization of U.S. Bank's reorganization of the Lending Services and Mortgage Servicing Divisions in 2018.  U.S. Bank properly objected to this request. Not only is the term "any involvement" vague, but the interrogatory itself seeks information that is neither relevant nor proportionate to the needs of the case.  In its written responses and the documents produced, U.S. Bank has already identified Bryan Bolton as the individual who made the decision to eliminate Plaintiffs' positions.  Any personnel decisions that may have been made by his peers

**JacksonLewis**

in the new CBSS Servicing group with respect to their organizations are simply not relevant to Plaintiffs' claims.

Interrogatory No. 16, Request Nos. 28, 29, 30: U.S. Bank rejects your assertion that information regarding the reason for Gemrich's separation of employment is relevant to this dispute. Nonetheless, in order to resolve any dispute, the attached supplemental production includes documents reflecting the decision to terminate Gemrich's employment.

### *Requests For Production*

Request Nos. 5, 20: As you noted, U.S. Bank has produced correspondence between Bolton and Gemrich regarding Plaintiffs' roles following the 2018 reorganization. While we believe that this response is proper, and without waiving its objections, we have performed a reasonable search for correspondence Bolton sent to or received from Gemrich concerning the 2018 reorganization that included the elimination of Plaintiffs' positions. Any non-privileged, responsive documents that were located as part of that search are included in the attached supplemental production.

Request No. 10: The job description produced is applicable to the positions held by Plaintiffs during the course of their employment with U.S. Bank.

Request Nos. 23, 32, 33, 34, 35: In these requests, you have requested a number of personnel files, without any explanation for why or how these documents are relevant to the case. The request for complete personnel files is routinely prohibited by courts. *See Craig-Wood v. Time Warner NY Cable, LLC*, 2012 U.S. Dist. LEXIS 52790, at *7-8 (S.D. Ohio 2012) ("'Because of the extremely private nature of personnel files, courts generally do not order production of such files except upon a compelling showing of relevance by the requesting party.'"); *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 384 (W.D. Tenn. 1999) ("personnel records, because of the privacy interest involved, should not be ordered produced except upon a compelling showing of relevance"); *Brune v. BASF Corp.*, Case No. C-1-97-811 (S.D. Ohio, Judge Dlott, Aug. 4, 1998) at 8 ("[A]ny time you get a personnel file, it's an invasion of privacy. So you have to have a good reason to get it."); *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997) (holding that only portions of personnel files that are clearly relevant to the plaintiff's claims are open to disclosure); *Raddatz v. The Standard Register Co.*, 177 F.R.D. 446, 447-48 (D. Minn. 1997). Such requests are overbroad in that they include documents containing private confidential and personal information about nonparties including benefit information, garnishment information, medical information, date of birth and social security information. This is not corrected by a "non disclosure agreement." *See Raddatz*, 177 F.R.D. at 447-48. As the court stated in *Raddatz*:

> In our considered view, the very act of disclosing an employee's sensitive and personal data is a highly, and frequently, an unnecessarily intrusive act – whether or not that disclosure is governed by the terms of a Confidentiality Order. The

intrusiveness of the act rests in disclosure to anyone, and the fact that the information may not be openly publicized brings little comfort to the co-employee, whose most private confidences are needlessly divulged. In our view, to order the production of such non-party employees files – even under the restrictions of a Protective Order – is not a step which the Court should lightly undertake.

At a minimum, before a Court compels the production of non-party personnel files, it should first be satisfied that the information in those files is, indeed, relevant. In this request, we agree that "[t]he mere fact that a person may be a witness in a case does not automatically warrant access to their personnel file." Moreover, production of the files in their entirety should not be ordered where the relevant information may be obtained by resort to less intrusive means of discovery.

*Raddatz*, 177 F.R.D. at 447-48 (internal citations omitted).

Without waiving its objections, U.S. Bank will agree to review the personnel files of Bryan Bolton, Diane Watson, John Gemrich, and Alyson Roberts and produce from those files the following documents, to the extent that they exist: (1) performance evaluations; (2) disciplinary notices/warnings; (3) any complaints made about the individual. In addition, U.S. Bank confirms that it is not aware of any complaints of discrimination, harassment, or retaliation from the other two individuals from Bolton's organization whose positions were eliminated at or around the time that Pannek and Strotman's positions were eliminated, Rhonda Gombold and Matt Kobin.

Please confirm that this compromise is agreeable, and if not, please provide an explanation as to why the complete files are necessary.

Request No. 25: U.S. Bank is not aware of any disciplinary action given to Gemrich during his employment that was not included in U.S. Bank's initial document production. Accordingly, no supplementation is required.

Request Nos. 26, 27: As your correspondence acknowledges, U.S. Bank has produced responsive, non-privileged documents reflecting its investigation of Pannek's March 27, 2018 report to the Ethics and Compliance Hotline. Without waiving its objections, included in the supplemental production are documents reflecting complaints of discrimination, harassment, or retaliation received by U.S. Bank against Gemrich.

Request No. 38: Without waiving its objections, U.S. Bank will produce responsive, non-privileged documents reflecting reports made to the Ethics and Compliance Hotline by any employees within Bolton's reporting structure who alleged sex harassment/discrimination, retaliation, age discrimination, and/or Gemrich, to the extent that any exist.

Request No. 39: US Bank properly objected to this request, which seeks documents or communications concerning complaints that were sent to "US Bank," on the grounds that it is overly broad and not proportionate to the needs of the case. It does not identify any individual in

**JacksonLewis**

Joshua M. Smith
Stagnaro, Saba, & Patterson
November 17, 2020
Page 5

particular, and it is not feasible for U.S. Bank to review the correspondence of each of its tens of thousands of employees to determine if that person ever received a responsive complaint.

Request No. 40:  Initially, to the extent that this request seeks documents relating to the bank's investigation of any EEOC/OCRC charge, such documents are protected by the attorney-client and/or work-product privileges.  Furthermore, see the bank's response to Interrogatory No. 8 and Request No. 37.

Request No. 42: U.S. Bank is not aware of a transcript or recording of Pannek's March 27, 2018 call to the Ethics and Compliance Hotline.

Request No. 46:  In your letter, you indicate that you are seeking "the email correspondence which, as referenced in Ms. Buster's file, was sent berating Ms. Tatman and for which a complaint was filed."  Please provide the bates label of the document  "in Ms. Buster's file" to which you are referring, and U.S. Bank may reconsider its objection.

Request No. 50: While we appreciate your clarification, complaints or allegations of "inappropriate conduct" or "any bases similar to that which Plaintiffs' complained about" is vague and overly broad.  Nonetheless, in an effort to resolve any dispute and consistent with your clarification of the documents sought in this request, we have performed a reasonable search for correspondence Bolton sent to or received from Watson concerning any allegations or complaints of sexual harassment, discrimination, or retaliation relating to Gemrich. Any non-privileged, responsive documents that were located as part of that search are included in the attached supplemental production.

We trust that this correspondence resolves your concerns.

Very truly yours,
JACKSON LEWIS P.C.

Jamie M. Goetz-Anderson

4827-6697-5442, v. 1

**Jessica K. Peterson**

| | |
|---|---|
| **From:** | Goetz-Anderson, Jamie M. (Cincinnati) <Jamie.Goetz-Anderson@jacksonlewis.com> |
| **Sent:** | Tuesday, May 11, 2021 03:45 PM |
| **To:** | Joshua M. Smith, Esq. |
| **Cc:** | Pryor, Patricia Anderson (Cincinnati); Peter A. Saba, Esq. |
| **Subject:** | RE: Pannek and Strotman |

Josh,

We have produced all performance reviews of which we are aware for Gemrich, Roberts, Pannek and Strotman.

We are not aware of a separate investigation of Gemrich in June 2018 beyond Kristin Fooks' investigation that was done in response to your letter and in anticipation of litigation.  We have previously produced any ethics line complaints filed against Gemrich, and we understand that you have subpoenaed the same documents from the third-party ethics line provider (which, we note, you have not yet produced to us).  We produced the full instant message conversation between Little and Bolton on 4/26/19 and we are not aware of any additional communications, nor do we agree with your contention that anything in the messages suggest that Bolton is "responding to messages" from Little.

Finally, we maintain our objection to your request for the full investigation file relating to the 2019 investigation of Gemrich.  Although we have consistently maintained that this information is not relevant to Plaintiffs' claims in this action, as a good-faith effort to resolve any discovery dispute we have produced the investigation report and other documents which detail the allegations made against Gemrich and the reason for his termination.  We will not agree to a continued fishing expedition regarding events or complaints that occurred long after your clients were terminated and that had nothing to do with them.

Jamie


**Jamie M. Goetz-Anderson**
Attorney at Law
**Jackson Lewis P.C.**
PNC Center
26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Direct: (513) 322-5029 | Main: (513) 898-0050
Jamie.Goetz-Anderson@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

**From:** Joshua M. Smith, Esq. <JMS@sspfirm.com>
**Sent:** Monday, May 10, 2021 6:14 PM
**To:** Goetz-Anderson, Jamie M. (Cincinnati) <Jamie.Goetz-Anderson@jacksonlewis.com>
**Cc:** Pryor, Patricia Anderson (Cincinnati) <Patricia.Pryor@jacksonlewis.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>
**Subject:** RE: Pannek and Strotman


**[EXTERNAL SENDER]**

1

In addition to my e-mail below, based upon our review of the additional documents you produced on April 26, 2021 we are noting at least two further deficiencies:

- You produced what appears to be an e-mail from Robin Dunivan to Bryan Bolton dated March 22, 2019 (USBANK__000966). The e-mail provides a "timeline" which makes reference to an "ethics investigation" on June 7, 2018 regarding Gemrich and employees filing complaints against him for "comments made on the floor." We have not received any documents related to this investigation, nor am I aware of any deponents testifying to this investigation. We have clearly (and repeatedly) asked for all documents pertaining to US Bank's investigation of, or response to, complaints regarding Gemrich. (*See* RFP 26-27). Please produce all documents relating to the ethics investigation referenced in this e-mail.

- You produced what appears to be an instant message conversation between Bryan Bolton and David Little on April 26, 2019 relating to Gemrich's termination (USBANK__000994). However, the document does not include any of the instant messages sent by David Little. Mr. Bolton's messages indicate that he is responding to messages from Mr. Little. Please produce the entirety of the conversation.

Please also produce these documents by Wednesday.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co.,
L.P.A.
2623 Erie Ave
Cincinnati, Ohio
45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** Joshua M. Smith, Esq.
**Sent:** Monday, May 10, 2021 6:00 PM
**To:** Goetz-Anderson, Jamie M. (Cincinnati) <Jamie.Goetz-Anderson@jacksonlewis.com>
**Cc:** Pryor, Patricia Anderson (Cincinnati) <Patricia.Pryor@jacksonlewis.com>
**Subject:** RE: Pannek and Strotman

Jamie,

Thank you for sending, but the vast majority of these documents are not at all responsive to the deficiencies we've noted. In particular:

### 1. *All performance reviews not previously produced for Thomas Strotman, Mark Pannek, Alyson Roberts, and John Gemrich (See RFP 9, 11, 17, 23-24, 29, 34, 48)*

- The performance review that was "produced" for Mark Pannek (USBANK__000017) is completely blank.

- We do not appear to have any performance reviews for Tom Strotman at all.
- We are missing performance reviews for John Gemrich for years 2009-2010 and 2012-2013, and performance reviews for 2017-2018 (USBANK__000241) are completely blank.
- For Alyson Roberts, you produced what appear to be performance reviews for 2019-2020, but we still do not have performance reviews for 2017 or 2018.

5. ***Any and all documents related to the investigation which resulted in the termination of John Gemrich. This includes but is not at all limited to all the documents referenced in the Complaint Resolution Form (See RFP 25-30)***

- There are clearly documents attached to the Investigation Resolution Form as part of the 2019 CIT Investigation resulting in Gemrich's termination. They are referenced and shown as attachments on USBANK__000819. Please produce them.
- Please produce any other documents related to the investigation resulting in Gemrich's termination.

Please produce the documents immediately, but no later than Wednesday, May 12, 2021. We noted these deficiencies (and others) nearly a month ago now.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co.,
L.P.A.
2623 Erie Ave
Cincinnati, Ohio
45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com

 

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** Goetz-Anderson, Jamie M. (Cincinnati) <Jamie.Goetz-Anderson@jacksonlewis.com>
**Sent:** Monday, May 10, 2021 2:34 PM
**To:** Joshua M. Smith, Esq. <JMS@sspfirm.com>
**Cc:** Pryor, Patricia Anderson (Cincinnati) <Patricia.Pryor@jacksonlewis.com>
**Subject:** Pannek and Strotman

Josh:

Attached please find U.S. Bank's supplemental document review and amended initial disclosures.

Thanks,
Jamie

**Jamie M. Goetz-Anderson**

Attorney at Law
**Jackson Lewis P.C.**
PNC Center
26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Direct: (513) 322-5029 | Main: (513) 898-0050
Jamie.Goetz-Anderson@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

# Peer Group Analysis
# Reduction in Force
## **To Be Completed By Management After Completion of Skills Inventory**

**Tom Strotman**

**Position:  Vice President Strategic Initiatives /Chg Mgt/RCSA**
**Grade:   17**

| | | | | | | SCORE |
|---|---|---|---|---|---|---|
| | | | | | | |
| **Experience** | **20+ years** | **15-20 years** | **10-15 years** | **5-10 years** | **<5 years** | |
| How long has this employee been employed in a relevant field or position? | 5 | 4 | 3 | 2 | 1 | 5 |
| | | | | | | |
| **Licenses/Certifications Relevant to Position** | **[Name of License]** | | **[Name of License]** | | | |
| | Yes | No | Yes | No | | |
| | 1 | 0 | 1 | 0 | N/A | 0 |
| | | | | | | |
| **Position-Related Skills** | | | | | | |
| | | | | | | |
| **Minimum Skills Required\*** | | | | | | |
| 1.  Technical Capability/Substantive Knowledge | 4 | 3 | 2 | 1 | 0 | 4 |
| 2.  Quality of Work Product | 4 | 3 | 2 | 1 | 0 | 3 |
| 3.  Quantity of Work Product | 4 | 3 | 2 | 1 | 0 | 3 |
| 4.  Cross-Functional Expertise | 4 | 3 | 2 | 1 | 0 | 3 |
| 5.  *Additional Skill to be Used as Needed* | 4 | 3 | 2 | 1 | 0 | 3 |
| | | | | | | |
| **Performance Rating** | **"1" Rating** | **"2" Rating** | **"3" Rating** | **"4" Rating** | **"5" Rating** | **N/A** |
| How was the employee rated on his/her most recent performance review? | 4 | 3 | 2 | 1 | 0 | 0 | 2 |
| | | | | | | |
| (if no performance review within the previous six (6) months, complete mini-review and record the **Overall Job Performance** rating in this section) | | | | | | |
| | | | | | **TOTAL SCORE** | 23 |

| | |
|---|---|
| **Prepared by:  Bryan Bolton** | Date: |
| **Phone Number: 314 702-9588** | |

| | Yes | No | Date |
|---|---|---|---|
| **Written Disciplinary Action within prior 12 mos.** | | NA | |
| Written Warning | | | |
| Action Plan | NA | | |

USBANK_000047

# Peer Group Analysis
# Reduction in Force
## **To Be Completed By Management After Completion of Skills Inventory**

**Rhonda Gombold**

**Position:** Vice President Change Mgt
**Grade:** 16

| | | | | | | SCORE |
|---|---|---|---|---|---|---|

| **Experience** | **20+ years** | **15-20 years** | **10-15 years** | **5-10 years** | **<5 years** | |
|---|---|---|---|---|---|---|
| How long has this employee been employed in a relevant field or position? | 5 | 4 | 3 | 2 | 1 | 5 |

| **Licenses/Certifications Relevant to Position** | [Name of License] | | [Name of License] | | | |
|---|---|---|---|---|---|---|
| | Yes | No | Yes | No | | |
| | 1 | 0 | 1 | 0 | N/A | 0 |

**Position-Related Skills**

| **Minimum Skills Required*** | | | | | | |
|---|---|---|---|---|---|---|
| 1.  Technical Capability/Substantive Knowledge | 4 | 3 | 2 | 1 | 0 | 4 |
| 2.  Quality of Work Product | 4 | 3 | 2 | 1 | 0 | 2 |
| 3.  Quantity of Work Product | 4 | 3 | 2 | 1 | 0 | 2 |
| 4.  Cross-Functional Expertise | 4 | 3 | 2 | 1 | 0 | 3 |
| 5.  *Additional Skill to be Used as Needed* | 4 | 3 | 2 | 1 | 0 | 3 |

| **Performance Rating** | **"1" Rating** | **"2" Rating** | **"3" Rating** | **"4" Rating** | **"5" Rating** | **N/A** | |
|---|---|---|---|---|---|---|---|
| How was the employee rated on his/her most recent performance review? | 4 | 3 | 2 | 1 | 0 | 0 | 2 |
| (if no performance review within the previous six (6) months, complete mini-review and record the **Overall Job Performance** rating in this section) | | | | | | | |

| | | | | | **TOTAL SCORE** | 21 |
|---|---|---|---|---|---|---|

| **Prepared by:** Bryan Bolton **Phone Number:** 314 702-9588 | Date: | Written Disciplinary Action within prior 12 mos. | Yes No | Date |
|---|---|---|---|---|
| | | Written Warning | NA | |
| | | Action Plan | NA | |

USBANK_000048

Gemrich 2019 Notes from Investigation feedback

Week of 3/25 -John and Anna had a conversation , John asked Anna if she was taking notes  and she said yes as she always does and he made a comment -paraphrasing " so you can take that or use that with HR?"

**From:** Dunivan, Robin M
**Sent:** Friday, March 22, 2019 6:20 PM
**To:** Bolton, Bryan B <bryan.bolton@usbank.com>
**Subject:** RE: Notes from CIT case

Overall, no issues with the facts.

**Robin Dunivan, PHR, SHRM-CP**

**Assistant Vice President I HR Manager**
**P.** 270.691.5253
Robin.dunivan@usbank.com

**U. S. Bank**
22800 Tamarack Rd.  Owensboro, KY  42301 I CN-KY-TRHR
www.usbank.com

**From:** Bolton, Bryan B
**Sent:** Friday, March 22, 2019 5:44 PM
**To:** Dunivan, Robin M <robin.dunivan@usbank.com>
**Subject:** FW: Notes from CIT case

Discussion Notes With Robin

4 Main allegations

Retaliation- Not Substantiated -Huff did not take a 15 role and was later not given an officer title but other peers did, she got it a quarter later.  John ended up not filling the role and divvied up the work.  From the officer title perspective I had advised team we needed to calibrate doing this so we had consistency -obviously John did not take that approach

Favors Male over Females -Not Substantiated -Made a comment to Ayan that Anna doesn't manage Female Employees very well -John denies he said it

Favoritism-Substantiated  Case # 1  Alysa Oleynik – Gave her a promotion to a 15 level with little to no experience in a leadership role and then paid her more than her peers.  HR recommended a lower grade but John was adamant about the grade and that he pays his people at mid-point.  Anna also pushed back (was going to work for Anna) John advised he had already told Alysa she was getting the job and what her salary would be. He later told HR that the role would grow into a 15 , Alysa has struggled in the role and arguably it is not a 15 level role.  John actually moved someone under her to help her since she was struggling.  This made her spans 3:1 before she was under the span target.  HR view is that John did not present the role accurately at the time because they would have never signed off on it a "grow into

role" Janet Holman and Ebony Owens – during the PGA review more detail in next section – John advised he wanted PGA's done separately by groups so TTPT would do theirs  Anna would do hers etc.  He didn't think they should be done across his group due to differences in jobs, HR had recommended a collaborative approach which John pushed back on.  Then during the span reduction exercise John moved these folks into roles outside of TTPT which seems to conflict with earlier logic

Not executing Peer Group Analysis -Substantiated For Span exercise PGA's were required.  During the investigation John advised he had asked all of his directs plus Anna's since she was on FMLA to do PGA's on the team.  What we learned was he never required Jerid or Anna's directs to do it, he just spoke to them about people without giving the reasons why. We had to supply HR with a list of names , the list had to be final and not subject to change as part of the overall span exercise.  When Anna came back she questioned some of the names on the list 1 had just come off a written but John felt he had good industry experience so we should keep him. Anna didn't agree with decision.   HR required PGA's to be completed , after they were completed 2 of the names needed to be changed which created significant issues to get it fixed

Initial CIT thoughts and recommendations:  John should not be in a leadership role based on several complaints and investigations over a short period of time.  They feel his responses were false and misleading.  They are meeting with their SR leaders to discuss.  Potential Options

Written Warning
Move to an Independent Contributor Role at a lower grade
Do a separation agreement John gets 1-3 months of pay- we can ask for more
Terminate

**From:** Dunivan, Robin M
**Sent:** Friday, March 22, 2019 4:05 PM
**To:** Bolton, Bryan B <bryan.bolton@usbank.com>
**Subject:** Notes from CIT case

| Statement | Action |
|---|---|
| My managers are not plug and play between QM and TTPT.  We need to keep the PGAs separate between these two groups. | Moved Janet & Ebony from TTPT to the other groups in the middle of the RIF process |
| Didn't want to recommend Nicole Huff for an officer title because Anna Frank was on leave an not able to have her weigh in on the decision | Recommended Erika Vazquez for an officer title without asking Anna to weigh in |

USBANK_000957

| | |
|---|---|
| Asked Nicole Huff if she was interested in taking a job vacated by Tatiana Vakidis. Nicole was not interested. | Tatiana Vakidis role was not replaced and many of her responsibilities were given to Nicole Huff. |
| Said he had asked Kristin, Jerid, Erika and Nicole for PGAs to determine position elimination. When Anna returned she gut checked them and the result were a few changes to the RIF list | Did not ask for PGAs from Jerid, Erika or Nicole before the RIF list was submitted. Asked Anna and Jerid for these on 1.2.19 |
| Didn't know Lisa was not placed on a written warning | Was involved with Anna Frank and Ayan Ashamu in the decision not to place Lisa on a warning |

| From: | Ashamu, Ayan [/O=USBANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=3614FADAD30E43B987A435957FF4F346-AASULUB] |
|---|---|
| Sent: | Wednesday, January 30, 2019 9:28:51 AM |
| To: | Bolton, Thomas B |
| Subject: | Gemrich Investigation |
| Sensitivity: | Confidential |

Hi Bryan,

Our centralized investigation team has accepted the investigation regarding John. They have set up a call with me today and will be reaching out to John in the next few days.

Let me know if you have any questions or concerns.

Thank you,

**Ayan Ashamu**
Officer | HR Business Partner
**p.** 612.303.9120 | ayan.ashamu@usbank.com

**U.S. Bank**
**US Bancorp Ctr, Minneapolis**
800 Nicollet Mall, Minneapolis, MN 55402-7020 | BC-MN-H17X | usbank.com
*The information contained in the attached report is based on the criteria and intended audience set by the customer data request. Any change to the report or distribution of this information beyond its intended audience should be discussed with **Ayan Ashamu/CBSS HR Team** prior to the distribution. All U.S. Bank staff members are accountable for the use of information and information systems, and for understanding and complying with U.S. Bank Information Security Policies*

USBANK_000965